Maurice B. VerStandig, Esq.
Bar No. MD18071
Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-464-ELG |
| | ) | (Chapter 11) |
| Synergy Reorg, LLC.[1] | ) | |
| | ) | |
| Debtors. | ) | Joint Administration Motion Below |

**MOTION FOR JOINT ADMINISTRATION**

Come now Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 1015, and move this Honorable Court to jointly administer these six proceedings, and in support thereof state as follows:

**I. Introduction**

The Debtors are the companies behind two iconic products—Focus Factor and Flat Tummy—as well as several other consumer-facing brands. Each seeks bankruptcy protection in light of the absurd—and seemingly tortious—conduct of an overzealous lender, the pains

[1] The Debtors in these cases are Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd.

occasioned by a merchant cash advance ("MCA") relationship, and the loss of shelf space in one of North America's leading retailers. For myriad reasons, it is entirely sensible to administer these cases together, with each of the Debtors serving a targeted, strategic purpose that is complimentary of each of the other Debtors.

**II. Standard**

The Federal Rules of Bankruptcy Procedure openly contemplate the joint administration of affiliates' bankruptcy estates, permitting, *inter alia*:

> If a joint petition or two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

**III. Argument: Joint Administration is Appropriate**

While the Debtors do not instantly seek an order of substantive consolidation (though they certainly reserve their right to seek such relief at a later date), it is immediately apparent that the factual and legal issues in these six cases will occasion significant overlap. The six Debtor entities are comprised of (i) an overarching, publicly-traded parent company; (ii) a subsidiary focused on Canadian operations; (iii) a subsidiary focused on Mexican operations; (iv) a United States-facing beauty and skincare entity; (v) a subsidiary focused on Australian operations; and (vi) a subsidiary focused on the collection of accounts receivable. All entities are under common control (both in the form of their chief restructuring officer, Lauren P. Berret, and their pre-petition management, helmed by Jack Ross). All entities share proposed counsel. And, with a few noteworthy exceptions, most entities are jointly and severally liable on the largest debts facing these estates.

Joint administration has been previously afforded where multiple debtors are "related" entities that are "controlled" by a common parent. *In re Texas Health Enterprises, Inc.*, 246 B.R.

832, 833 (Bankr. E.D. Tex. 2000). *See also*, *In re City Homes III LLC*, 564 B.R. 827, 829 (Bankr. D. Md. 2017) ("The other Debtors were described as 'affiliates' with 'common ownership through CHI' and because of this interconnectedness, the Joint Administration Motion was granted on September 12, 2013 and the cases have since been collectively administered through the portal of City Homes III's Docket."). This reality is buttressed by title 11 of the United States Code (the "Bankruptcy Code") defining "affiliate" so as to include entities that are "directly or indirectly own[ed], control[led], or h[eld] with power to vote" by a single entity. 11 U.S.C. § 101(2)(B). The provisions of Federal Rule of Bankruptcy Procedure 1015, in turn, permit the joint administration of affiliates' bankruptcy estates. And this Honorable Court has permitted joint administration of complex cases in the past. *See, e.g.*, *In re Banners of Abingdon, et al.*, Case No. 25-378-ELG (Bankr. D.D.C. 2025) at ECF No. 28.

Here, the Debtors are all under common control and operation. While each entity serves a specific, discreet purpose (albeit with one being an overarching parent company), those purposes are complimentary and harmonious in nature. Collectively, the Debtors are a common enterprise; individually, the Debtors are only regional—and task-specific—components of that common enterprise.

Moreover, there is every reason to believe these cases will result in the orderly liquidation of the Debtors through one or more strategic sales and the conveyance of assets to a liquidating trust. In this regard, the entities' operations will be marketed and wound up together. And while it is certainly theoretically possible that assets may be sold off in regional combinations (with a different buyer assuming Canadian operations than Mexican operations, for instance), the Debtors' best estimation—as of present—is that a single buyer will be best positioned to assume the brand (as comprised by all intellectual property rights), a single buyer will be best positioned to liquidate

inventory, and a liquidating trust will be used to pursue litigation rights against one or more third party entities for the common benefit of all creditors.

To be sure, it is not merely that the Debtors qualify for joint administration. It is, too, that to administer these cases separately would be to invite unnecessary duplication of myriad efforts, leading to the incursion of unnecessary legal fees and risking the waste of judicial resources. Judicial economy well favors the joint administration of these six cases.

**IV. Conclusion**

WHEREFORE, the Debtors respectfully pray this Honorable Court (i) jointly administer, but not substantively consolidate, these six cases; (ii) designate the matter of *Synergy CHC Corp.* as the lead case, in which all filings—excepting proofs of claim—shall be docketed; (iii) direct each Debtor to continue to maintain a separate claims register; and (iv) afford such other and further relief.

*[Signature and Certificate of Service on Following Page]*

Respectfully submitted,

Dated: September 6, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com

Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig